IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JEFFREY TODD SOUTH AND
LISA SOUTH,

                                       CASE NO.: 6:22-cv-01447-CEM-DAB

    Plaintiffs,

vs.

FEDERAL INSURANCE COMPANY,

    Defendant.
_____/

## **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

COMES NOW, the Defendant, FEDERAL INSURANCE COMPANY ("FEDERAL"), by and through its undersigned counsel, and files its Answer and Affirmative Defenses to Plaintiffs, JEFFREY TODD SOUTH AND LISA SOUTH, ("Plaintiffs"), Complaint, and would respond as follows:

1. Admitted that Plaintiffs Complaint alleges damages in excess of ($30,000) Thirty Thousand Dollars exclusive of interest, costs and attorney's fees. All averments not expressly admitted are denied.

2. FEDERAL is without knowledge as to the phrase "[a]t all material times." Admitted that FEDERAL is an insurance company licensed to transact business in the State of Florida and specifically, in Orange County, Florida.

3. FEDERAL is without knowledge as to the phrase "[a]t all material times." FEDERAL is also without knowledge as to the damaged property Plaintiffs are referencing and therefore, denies this averment.

4. Admitted that FEDERAL issued a homeowners insurance policy (0014866369-01) ("Policy") to Plaintiffs for the property located at 4312 Down Point Lane, Windermere, Florida 34786 ("Property"). The terms and conditions of the Policy speak for themselves. All averments not expressly admitted are denied. *See* **Exhibit "1,"** Policy.

5. FEDERAL is without knowledge as to the phrase "[a]t all material times." Admitted that FEDERAL has a copy of the subject Policy and that attached to Plaintiffs' Complaint, as Exhibit A, is a copy of the subject Policy, which is incorporated by reference.

6. Admitted that Plaintiffs paid the premiums for the Policy period December 15, 2019 through December 15, 2020.

7. Admitted that on February 12, 2021, Plaintiffs reported a claim for wind and interior water damage to the subject property due to a storm with a purported date of loss of August 5, 2020. The subject Policy was in full force and effect from December 15, 2019 through December 15, 2020. All averments not expressly admitted are denied.

8. Denied as phrased. Specifically, Plaintiffs reported the loss to FEDERAL on February 12, 2021, which was six (6) months after the date of loss, August 5, 2020.

9. Admitted that FEDERAL assigned claim number 040521005127 to the loss reported by Plaintiffs as referenced above in Paragraph 7.

10. Denied. Admitted the Plaintiffs reported August 5, 2020 as the date of

loss.

11. Admitted that after Plaintiffs reported the loss, FEDERAL, through its independent adjuster, inspected the property for damages reported by Plaintiffs as referenced above in Paragraph 7. All averments not expressly admitted are denied.

12. Admitted that after investigating the claim, FEDERAL made a coverage determination as to the damages pursuant to the terms and conditions of the Policy and an estimate prepared by FEDERAL's independent adjuster.

13. The terms and conditions of the Policy speak for themselves, otherwise denied.

14. Admitted that Plaintiffs filed this action against FEDERAL for breach of contract. All averments not expressly admitted are denied.

15. Admitted that on June 27, 2022, Plaintiffs filed a Notice of Intent to Initiate Litigation with Department of Financial Services and against FEDERAL. All averments not expressly admitted are denied.

16. Admitted that Plaintiffs filed this action in the Circuit Court for Orange County, Florida.

## COUNT I – BREACH OF CONTRACT

17. FEDERAL realleges and reincorporates Paragraphs 1-16 as if fully stated herein.

18. Admitted that the Policy in was full force and effect from December 15, 2019 through December 15, 2020 and that Plaintiffs reported date of loss for the damages referenced in Paragraph 7 was August 5, 2020. All averments not expressly

admitted are denied.

19. Denied as phrased. Specifically, Plaintiffs reported the subject loss to FEDERAL on February 12, 2021, which was six (6) months after the date of loss, August 5, 2020.

20. Admitted that after investigating the damages reported by Plaintiffs, FEDERAL was able to make a coverage determination pursuant to the terms and conditions of Policy.

21. Denied. *See* Affirmative Defenses.

22. Denied.

23. Denied.

24. The terms and conditions of the Policy speak for themselves, otherwise denied.

25. FEDERAL is without knowledge as to Plaintiffs reasons for retaining counsel and/or any obligations between Plaintiffs and their counsel, and therefore denies this averment.

26. Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

27. Plaintiffs are not entitled to attorney's fees since FEDERAL has not breached the Policy of insurance.

## SECOND AFFIRMATIVE DEFENSE

28. Plaintiffs claim is subject to the terms and conditions of the policy, including all exclusions, limitations, definitions and deductible provisions contained therein. Specifically, FEDERAL is not liable to Plaintiffs for the amount of the Policy's all perils deductible in the amount of $10,000.00.

## THIRD AFFIRMATIVE DEFENSE

29. Plaintiffs claim is subject to all of the terms, conditions and exclusions contained in the subject of insurance policy. The policy provides, in pertinent part, as follows:

> **Deluxe House Coverage**
>
> In Deluxe House Coverage, a "covered loss" includes all risk of physical loss to your house or other property covered under this part of your Masterpiece Policy, unless stated otherwise or an exclusion applies. Exclusions to this coverage are described in **Exclusions.**
>
> * * *
>
> **Exclusions**
> * * *
>
> The words "caused by" mean any loss that is contributed to, made worse by, or in any way results from that peril.
>
> **Gradual or sudden loss.** We do not provide coverage for the presence of wear and tear, gradual deterioration, rust, bacteria, corrosion, dry or wet rot, or warping, however caused, or any loss caused by wear and tear, gradual deterioration, rust, bacteria, corrosion, dry or wet rot, or warping. We also do not cover any loss caused by inherent vice, latent defect or mechanical breakdown. But we do insure ensuing covered loss unless another exclusion applies.
>
> * * *

30. To the extent that Plaintiffs averments relate to damage or loss caused by any of the foregoing causes, coverage is excluded under the express terms of the policy.

### FOURTH AFFIRMATIVE DEFENSE

31. Plaintiffs claim is subject to all of the terms, conditions and exclusions contained in the subject of insurance policy. The policy provides, in pertinent part, as follows:

> **Exclusions**
>
> * * *
>
> The words "caused by" mean any loss that is contributed to, made worse by, or in any way results from that peril.
>
> * * *
>
> **Faulty planning, construction or maintenance.** We do not cover any loss caused by the faulty acts, errors or omissions of you or any other person in planning, construction or maintenance. It does not matter whether the faulty acts, errors or omissions take place on or off the insured property. But we do insure ensuing covered loss unless another exclusion applies…
>
> * * *

32. To the extent that Plaintiffs averments relate to damage or loss caused by any of the foregoing causes, coverage is excluded under the express terms of the policy.

### FIFTH AFFIRMATIVE DEFENSE

33. Plaintiffs claim is subject to all of the terms, conditions and exclusions contained in the subject of insurance policy. The policy provides, in pertinent part, as follows:

> **Exclusions**

* * *

> The words "caused by" mean any loss that is contributed to, made worse by, or in any way results from that peril.

* * *

> **Neglect.** We do not cover any loss caused by your failure to use reasonable means to protect property before, at, or after the time of a loss.

* * *

34. To the extent that Plaintiffs averments relate to damage or loss caused by any of the foregoing causes, coverage is excluded under the express terms of the policy.

## SIXTH AFFIRMATIVE DEFENSE

35. Plaintiffs claim is subject to all of the terms, conditions and exclusions contained in the subject of insurance policy. The policy provides, in pertinent part, as follows:

> **Special Conditions**
>
> **Mortgagee or loss payee.** If a mortgagee or loss payee is named in this policy, any loss payable will be paid to the mortgagee or loss payee and you, as interests appear…

* * *

## SEVENTH AFFIRMATIVE DEFENSE

36. To the extent that Plaintiffs are seeking to recover proceeds for any coverage under the subject contract which require Plaintiffs to incur damages or expenses prior to such coverage being afforded, Plaintiffs are not entitled to recovery of said proceeds under the subject policy for those expenses not incurred.

## EIGHTH AFFIRMATIVE DEFENSE

37. Plaintiffs claim is subject to all of the terms and conditions contained in the subject of insurance policy. The policy provides, in pertinent part, as follows:

**Property Conditions**
The conditions apply to all coverages for damage to property and all coverages for damage to vehicles in this policy.

* * *

**Your duties after a loss**
If you have a loss this policy may cover, you must perform these duties:

**Notification.** You must promptly notify us or your agent of your loss…

**Protect property.** You must take all reasonable means that are necessary to protect property from further loss or damage.

* * *

**Display property.** You must show us as often as we reasonably require the damaged property when we ask.

* * *

**Proof of loss.** You must submit to us as often as we reasonably require your signed, sworn proof of loss providing all information and documentation we request such as the cause of loss, inventories, receipts, repair estimates and other similar records.

## SETOFF

38. FEDERAL is entitled to a set-off of all sums or money, settlement, judgment, or monies otherwise received by Plaintiffs from any other party or non-party to this action.

## RESERVATION OF RIGHTS

39. FEDERAL expressly reserves the right to amend this Answer to assert any additional defenses or any other applicable terms, conditions, limitations and/or exclusions of the Policy that may become apparent during discovery.

## DEMAND FOR JURY TRIAL

40. FEDERAL demands trial by jury of all issues so triable.

WHEREFORE, the Defendant, FEDERAL INSURANCE COMPANY, respectfully requests judgment in its favor, fees and costs of this action, and all other relief this Honorable Court deems just and proper.

BUTLER WEIHMULLER KATZ CRAIG LLP

_____
THOMAS A. KELLER, ESQ.
Florida Bar No.: 0153354
tkeller@butler.legal
DERICKA Y. BURKE, ESQ.
Florida Bar No.: 1000332
dburke@butler.legal
Secondary   lfarrell@butler.legal
400 N. Ashley Drive, Suite 2300
Tampa, Florida 33602
Telephone: (813) 281-1900
Facsimile: (813) 281-0900
*Attorneys for Defendant, Federal Insurance Company*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 22, 2022, the foregoing was filed with the Clerk of the Court via the CM/ECF system. I further certify that a true and correct copy of the foregoing has been furnished this day via Electronic Mail to:

> Logan C. Templeton, Esq.
> South Milhausen, P.A.
> 1000 Legion Place, Suite 1200
> Orlando, FL 32801
> logant@southmilhausen.com
> mdahl@southmilhausen.com
> Attorney For: Plaintiffs

_____
THOMAS A. KELLER, ESQ.